BARKENTHIEN v. PEOPLE et al.

(Supreme Court, Special Term, Queens County. July 2, 1912.)

1. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—EVIDENCE.

Under the express provisions of Real Property Law (Consol. Laws 1909, c. 50) § 385, as amended by Laws 1910, c. 627, while in an action to register the title to land the examiner's certificate and abstract is presumptive evidence of the facts stated therein, when not controverted, where a defendant does controvert facts alleged in the abstract and requires proof of such facts according to the ordinary rules of evidence, plaintiff must prove his title by common-law proof, and he may require similar proof of an adverse claim by a defendant.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

2. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—STATUTORY PROVISIONS.

Under Real Property Law (Consol. Laws 1909, c. 50) § 385, as amended by Laws 1910, c. 627, requiring proof in actions to register title to land of facts alleged in the official examiner's certificate and abstract under the ordinary rules of evidence, when required by any party, all questions affecting a title sought to be registered may be finally judicially determined in such action; such determination when made to become a part of the registered title.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

3. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—EVIDENCE.

Under Real Property Law (Consol. Laws 1909, c. 50) § 385, as amended by Laws 1910, c. 627, requiring proof in actions to register title to land by the ordinary rules of evidence, when controverted, where a defendant

---

-*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

set up a counterclaim, controverted the allegations of the abstract, and required their proof by the ordinary rules of evidence, but offered no evidence in support of his counterclaim, he was not entitled to affirmative relief.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Action to register title to land by Dina Barkenthien against the People of the State of New York and others. Judgment rendered dismissing the complaint and counterclaim.

Matthew J. Wheelehan (Henry L. Franklin, of counsel), for plaintiff.

Thomas Carmody, Atty. Gen., and William I. Karle, Deputy Atty. Gen., for the People.

BENEDICT, J. This is an action brought to register the plaintiff's title in fee simple to certain premises situate on Maure avenue, Morris Park, in the borough of Queens, and city of New York, under the provisions of article 12 of the Real Property Law (Consol. Laws 1909, c. 50), providing for the registration of titles to real property, as amended by chapter 627 of the Laws of 1910.

At the conclusion of the trial the Attorney General moved for the dismissal of the complaint upon the ground that the plaintiff had failed to establish a cause of action; that she had not proven her title in conformity with the ordinary rules of evidence and proof, as required by the Attorney General at the opening of the trial.

The view which I take of the requirements of the statutory provisions which now regulate the registration of title to real property under the acts above referred to requires that this motion be granted and renders it unnecessary and improper to examine or consider the various questions which are disclosed by an examination of the abstract of title and are raised by the pleadings and discussed in the briefs of counsel.

The plaintiff relied at the trial for proof of her title upon the abstract and report of the official examiner, and introduced no other proof of the facts set out in her chain of title; and she contended both at the trial and in the brief of her counsel that it was not incumbent upon her to offer any further evidence as to those matters, but that the abstract and report constituted in and of themselves prima facie proof of the facts stated therein, and shifted the burden of proof of facts to negative the plaintiff's claim to the defendants who controverted such claim.

On the other hand, the position of the Attorney General was that it was incumbent upon the plaintiff to prove all of the links in the chain of her title by common-law proof, for the reason that in the answer interposed on behalf of the people of the state of New York they had specifically controverted the facts set forth in the plaintiff's abstract of title mentioned in the complaint and made a part thereof.

[1] The issue thus presented must be determined by the provisions of the statute which, so far as necessary to the determination of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this question, are contained in section 385, which was amended by chapter 627 of the Laws of 1910, and which became a law and went into effect on June 23, 1910, prior to the commencement of the present suit. These provisions are as follows:

"In all proceedings subsequent to the determination by the court that the plaintiff appears to have a title that should be registered, the allegations and statements of the examiner's certificate of title, and of his abstract and searches, and in the survey, shall be prima facie and presumptive evidence of the facts so alleged and stated, and if any defendant controverts any allegation or statement contained in said certificate of title, abstract, or searches, or survey, the facts controverting such allegation or statement must be specifically pleaded and set forth, and except as in this section otherwise provided must be established affirmatively by the defendant pleading or setting forth the same. The court may require, at any time, any amendment or modification of said official examiner's certificate, or any further or amended survey or certificate, or any additional evidence or proof that may be necessary or proper. All the allegations and statements in said certificate, abstract, searches and survey shall be taken and construed as statements of fact, unless they are expressly declared therein to be conclusions or opinions. *Where a party has controverted in his pleading specifically an allegation or statement contained in said certificate of title, abstract, searches or survey, any party who has appeared in person or by attorney or counsel at the trial may require that the ordinary rules of evidence and proof, unaffected by this section, shall apply to the matters so controverted.* * * * Upon and after the issuance of the summons, the court's jurisdiction shall be the same. as in an action in the Supreme Court in which no order for the commencement of the action is required; and the action shall be governed by, and shall proceed according to, the laws of this state and the rules of court, relative to such an action, as far as the same are not expressly abrogated or modified by this article."

As already stated, the Attorney General in his answer in this action did specifically controvert facts alleged in plaintiff's abstract of title, and did require that proof of such facts be made according to the ordinary rules of evidence.

The legislative intent as set forth in the amendment of 1910 is quite clear in requiring the plaintiff, under such circumstances, to prove her title in the same manner as she would have been required to prove it by the ordinary rules of evidence applicable to actions affecting the title to real property, where a defendant has expressly controverted the allegations of the complaint or abstract of title in regard to facts upon which plaintiff's title depends. By this amendment the Legislature has, I think, clearly indicated its purpose that questions which are expressly raised by the answer of a defendant affecting the title of the party seeking registration of title may be required by any defendant to be passed upon by the court and to be determined upon proofs submitted according to the ordinary rules of evidence; and similarly the plaintiff is afforded an opportunity in such an action of obtaining the determination of the court upon any adverse claim which a defendant may raise by his answer, and thereupon such defendant is required to furnish like proof on his part.

[2] The result of the amendment of 1910, which, in my judgment, was aimed at by the Legislature, was to permit all questions affecting the title to any parcel of real property of which registration of title is sought under this statute to be passed upon and finally judicially

determined by the court in this form of action (according to the ordinary rules of evidence, except in cases where no controversy arises upon the pleadings, or in which proof by the ordinary rules of evidence is not required by any party entitled so to do, in which cases the special rules of evidence provided for in this section would apply); such determination when made to be and become a part of the registered title provided for by that act. Any other construction of this statute would nullify it by sending the parties to every contested registration action out of court and relegating them to their remedies under other provisions of law; and this was not, in my opinion, the purpose which the Legislature had in mind in enacting this statute.

[3] The Attorney General by his answer set up a claim of title by escheat to the property in question and prayed for judgment in favor of the people upon this ground. Upon the trial, however, he offered no proof in support of his claim, and, under the provisions of section 385 of the act in question hereinbefore referred to, he is not entitled to the affirmative relief prayed for, and his motion in that regard will be denied.

Judgment is therefore directed in this action, dismissing the plaintiff's complaint, canceling the notice of pendency heretofore filed in this action, without costs, and dismissing the counterclaim interposed by the defendant the people of the state of New York, without costs. Settle judgment on notice.